Jamil GANDY, Appellant

v.

SUPERINTENDENT GRATERFORD
SCI; District Attorney Office
Delaware, et. al.

No. 15–3868.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 March 3, 2016.

Opinion filed: April 6, 2016.

Jamil Gandy, Graterford, PA, pro se.

Maria G. Macus, Esq., Pennsylvania De-
partment of Corrections Office of Chief
Counsel, Mechanicsburg, PA, Mark A.
Raith, Esq., Holsten & Associates, Media,
PA, for Superintendent Graterford SCI;
District Attorney Office Delaware, et. al.

Before: CHAGARES, GREENAWAY,
JR. and SLOVITER, Circuit Judges.

OPINION *

PER CURIAM.

Pro se appellant Jamil Gandy appeals
from the judgment of the United States

District Court for the Eastern District of
Pennsylvania in his § 1983 action. As the
appeal does not present a substantial ques-
tion, we will summarily affirm the decision
of the District Court.

I.

Gandy initiated this § 1983 action in
2013 against Michael Wenerowicz, Super-
intendent of SCI–Graterford, and the De-
laware County District Attorney's office,
alleging that these Defendants "refused to
allow him to access biological evidence for
the purpose of forensic DNA testing" in
connection with his 1985 first-degree mur-
der conviction in Delaware County. Gan-
dy contends that the District Attorney's
office destroyed the evidence in 1984, and
acknowledges that he was aware of this
alleged destruction by 2006, when he filed
a PCRA petition based on the trial Court's
failure to preserve the DNA evidence.
The allegations against Wenerowicz are
not as clear, and appear to be based solely
on Wenerowicz's putative status as Gan-
dy's "custodian"—Gandy contends that
Wenerowicz's "involvement can be found
based upon the custodian of plaintiff's per-
sonal as a result of the allegations set forth
in the suit."

On November 2, 2015, the District Court
granted Defendants' respective motions to
dismiss, finding that Wenerowicz lacked
sufficient personal involvement, and that
Gandy's claim against the District Attor-
ney's office was time-barred. Gandy filed
a timely notice of appeal on November 24,
2015.

II.

We review the District Court's dismissal
under Rule 12(b)(6) using the same test

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that the District Court should have applied and ask whether it has "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face." *Fantone v. Latini*, 780 F.3d 184, 186–193 (3d Cir.2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The District Court correctly dismissed Gandy's § 1983 claim. As to Wenerowicz, the only allegation of his personal involvement in this action is his putative status as Gandy's custodian. As the Court accurately observed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrong' to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir.2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). To the extent Gandy's claim is based on Wenerowicz's status as the highest ranking official at SCI–Graterford, or his status as Gandy's custodian, this is not a viable theory of liability absent personal participation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

As to the District Attorney's office, a limitations defense may be raised in a 12(b)(6) motion only when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir.2014) (internal quotations omitted). Here, the District Court accurately observed that Gandy's claim is subject to Pennsylvania's two-year limitation period on personal injury actions. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)) ("[A]s a matter of federal law, all section 1983 claims are subject to the state statute of limitations for personal injury actions."). Gandy acknowledges that he discovered his injury—the alleged destruction of the DNA evidence—no later than 2006, when he filed a PCRA petition based on this claim. He filed this action some seven years later, well beyond the two-year limitation period.

Accordingly, we will affirm the decision of the District Court.[1]

---

1. In his Argument in Support of Appeal, Gandy addresses the propriety of his murder conviction and the alleged misconduct of the District Attorney's office in securing that conviction. He does not, however, address the propriety of District Court's order as it relates to the limitations issue or Wenerowicz's lack of personal involvement in this action.